UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE BELL-SPARROW,<br><br>    Plaintiff,<br><br>v.<br><br>AMERICA ARBITRATION ASSOCIATION,<br><br>    Defendant. | Case No. 19-cv-00997-TSH<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SCREENING PETITION PURSUANT TO 28 U.S.C. § 1915(E)** |

## I. INTRODUCTION

Plaintiff Arlene Bell-Sparrow filed the present petition for a writ of mandamus under the All Writs Act, 28 U.S.C. § 1651(a), seeking to compel the American Arbitration Association ("AAA") to initiate an arbitration between her and AT&T. Petition, ECF No. 1. Bell-Sparrow also filed an Application to Proceed In Forma Pauperis. Appl., ECF No. 2. For the reasons stated below, the Court **GRANTS** the In Forma Pauperis Application and finds the petition fails to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e). Bell-Sparrow must file an amended petition that addresses the deficiencies identified in this screening order by May 20, 2019.

## II. BACKGROUND

Bell-Sparrow alleges that she has experienced outages at her AT&T-provided phone, internet, and cable service. Pet. at 2. She seeks to assert claims against AT&T in arbitration for breach of contract, deceptive business practices, fraud, and false advertising. *Id.* She attempted to initiate a claim with the AAA on August 4, 2018. *Id.* Since filing the claim, she has requested an arbitration date three times. *Id.* However, the AAA declined to initiate arbitration proceedings

each time because Bell-Sparrow was unable to furnish her contract with AT&T that included the relevant arbitration clause. *Id.*, Exhibits at 6-14. Instead, she requested that AAA contact AT&T and obtain the contract from them. *Id.* On February 22, 2019, Bell-Sparrow filed the present petition seeking a writ compelling the AAA to begin arbitration proceedings against AT&T.

## III. IN FORMA PAUPERIS APPLICATION

A district court may authorize the start of a civil action in forma pauperis if the court is satisfied the would-be plaintiff cannot pay the filling fees required to pursue the lawsuit. *See* 28 U.S.C. § 1915(a)(1). Bell-Sparrow submitted the required documentation demonstrating an inability to pay the costs of this action, and it is evident from the Application that Plaintiff's assets and income are insufficient to enable payment of the fees. *See* Appl. Accordingly, the Court **GRANTS** Bell-Sparrow's Application to Proceed In Forma Pauperis.

## IV. SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(E)(2)

### A. Legal Standard

While the Court has granted Bell-Sparrow's in forma pauperis application, it must also review her petition to determine whether the action may be allowed to proceed. The Court must dismiss the petition if it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984) (quotation omitted). Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Moreover, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Unless it is clear that no amendment can cure the defects of a complaint (or here, a petition), a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B. Analysis**

Bell-Sparrow brings her petition under 28 U.S.C. § 1651(a), which provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.,* 474 U.S. 34, 43 (1985).

In this instance, the All Writs Act is not the controlling authority because Congress has enacted the Federal Arbitration Act ("FAA"). Through the FAA Bell-Sparrow would be able to enforce a written arbitration provision "in a contract evidencing a transaction involving commerce." 9 U.S.C. § 2. Section 2 of the FAA provides that arbitration agreements are presumptively valid and enforceable[1] and embraces a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983).

Bell-Sparrow alleges that she has a valid contract with AT&T that contains an arbitration provision. Pet. at 1. The way to enforce that provision is to file a petition to compel arbitration naming AT&T as the defendant – not AAA – because "[t]he FAA permits a district court to issue an order compelling parties to arbitrate a dispute subject to an arbitration agreement." 9 U.S.C. § 4. Accordingly, if Bell-Sparrow amends her petition to substitute AT&T as the defendant in lieu of AAA, and seeks an order compelling arbitration under the FAA, her amended petition may state a claim for which relief can be granted.

## V. CONCLUSION

For the reasons above, the Court **GRANTS** Bell-Sparrow's Application to Proceed In Forma Pauperis and finds that the petition fails to state a claim pursuant to 28 U.S.C. § 1915(e). Bell-Sparrow must file an amended petition addressing the deficiencies explained in this order by

---

[1] "A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

3

May 20.  If she does not file a timely amended petition, the Court will recommend this action be dismissed.

Plaintiff may wish to seek assistance from the Legal Help Center, a free service offered by the Justice & Diversity Center of the Bar Association of San Francisco, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California.  There is also a Legal Help Center in Oakland, located on the 4th Floor, Room 470S, of the United States Courthouse, 1301 Clay Street, Oakland.  At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation.  More information is available at http://cand.uscourts.gov/helpcentersf.

Plaintiff may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*.  It provides instructions on how to proceed at every stage of your case, including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED.**

Dated: April 22, 2019

THOMAS S. HIXSON
United States Magistrate Judge